Danilo Henry DIAZ–OLIVA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–75626.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

504

Jorge I. Rodriguez–Choi, Esq., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Karl Overman, Esq., Office of the U.S. Attorney, Detroit, MI, for Respondent.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

## MEMORANDUM**

Danilo Henry Diaz–Oliva, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") order denying his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998 (9th Cir.2003), and we deny the petition for review.

■ Diaz–Oliva testified that in 1992, he escaped from a guerilla training camp he had voluntarily visited and guerillas threatened him with death and started looking for him. Diaz–Oliva testified that he was never physically harmed by anyone in Guatemala, although guerillas forcibly entered his mother's home, and later shot at it. Neither his testimony, nor any other evidence in the record, compels the conclusion that the harm suffered by Diaz–Oliva rises to the level of past persecution. *See Nahrvani v. Gonzales,* 399 F.3d 1148, 1153–54 (9th Cir.2005) (two serious threats coupled with harassment and property damage did not constitute persecution); *Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995) (no persecution where petitioner was arrested and detained, hit and kicked, and opposing ethnic group pelted house with stones).

■ Substantial evidence also supports the IJ's determination that Diaz–Oliva did not establish a well-founded fear of future persecution. The incident at the training camp occurred over 15 years ago, and Diaz–Oliva testified that although guerillas shot at his mother's home in 1998, she continues to reside there unharmed.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

While the evidence might permit a finding of a well-founded fear of future persecution, it does not compel such a finding. *See Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000) (petitioner must show that the evidence not only supports, but compels the conclusion that the findings are erroneous).

Accordingly, substantial evidence supports the IJ's determination that Diaz–Oliva did not suffer past persecution, and does not have a well-founded fear of future persecution.

Because Diaz–Oliva failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Gonzalez–Hernandez*, 336 F.3d at 1001.

**PETITION FOR REVIEW DENIED.**